Nicholas A. Brown  (CA SBN 198210)
brownn@gtlaw.com
GREENBERG TRAURIG LLP
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111
Telephone: 415.655.1300
Facsimile: 415.707.2010

Kevin J. O'Shea (*pro hac vice* application to be filed)
osheak@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Chicago, IL  60601
Telephone:  312.456.8400
Facsimile:  312.456.8435
Attorneys for Plaintiff
Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions

Kenneth B. Wilson (CA SBN 130009)
ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, CA 94019
Telephone: 650.440.4211
Facsimile: 650.440.4851

Attorneys for Defendant Oliso, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SUNBEAM PRODUCTS, INC., d/b/a Jarden Consumer Solutions, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>OLISO, INC.  a California corporation,<br><br>Defendant. | CASE NO.  CV 3:13-cv-03577-SI<br><br>**RULE 26(f) JOINT SCHEDULING REPORT AND CASE MANAGEMENT STATEMENT**<br><br>The Honorable Susan Illston<br><br>Scheduling Conference:<br>Date:  November 22, 2013<br>Time:  2:30 p.m.<br>Courtroom:  10 |

Pursuant to Fed. R. Civ. P. 26(f), Civil L.R. 16-9 and the Orders setting (and resetting) the Scheduling Conference (Dkt. Nos. 2, 11, 21), Plaintiff Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Plaintiff") and Defendant Oliso, Inc. ("Defendant") hereby jointly submit this Rule 26(f) Joint Scheduling Report. The Rule 26(f) and Civil L.R. 16-3 planning meeting was held on November 11, 2013, and was attended by Kevin J. O'Shea for Plaintiff and Kenneth B. Wilson for Defendant. The conference was productive in establishing a proposed discovery schedule and outlining various issues and positions, but did not result in settlement.

## I. JURISDICTION AND SERVICE

This is a patent infringement lawsuit pursuant to 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338. The Parties are aware of no issues regarding personal jurisdiction or venue. Plaintiff has obtained service on Defendant on August 2, 2013, (Dkt. No. 5), and no other Parties remain to be served at this time.

## II. FACTS

Plaintiff sued Defendant on August 1, 2013 in this Court for allegedly infringing U.S. Patent No. 7,003,928 ("the '928 patent"). Plaintiff served the Complaint on Defendant on August 2, 2013. (Dkt. No. 5.) This matter was originally assigned to Magistrate Judge Beeler and subsequently assigned to Judge Illston. (Dkt. No. 10.) Defendant filed its Answer on October 25, 2013. (Dkt. No. 18.)

Plaintiff's Position:

Plaintiff asserts that Defendant's offers for sale and sales of vacuum sealing appliances and storage bags for use with such appliances infringe the '928 patent. In particular, Defendant offers for sale and sells the "Oliso PRO Vacuum Sealer, Model VS97A" ("PRO Vacuum Sealer"), which is a vacuum sealer with a vacuum source, removable drip tray positioned in an elongated recess, and a heat sealing means mounted on the device. The PRO Vacuum Sealer is shown in pictures attached to the Complaint as Exhibit B. (Dkt. No. 1.) Defendant also offers for sale and sells storage bags for use with the PRO Vacuum Sealer.

1   Users of the PRO Vacuum Sealer, including Defendant itself, infringe the '928 patent when, pursuant to the instructions provided by Defendant, the user places within the vacuum sealer a storage bag holding an amount of liquid, activating the vacuum source within the PRO Vacuum Sealer to draw the liquid into the removable drip pan positioned in the elongated recess of the appliance, heat sealing the storage bag, and removing the drip pan for cleaning.

Defendant encourages its customers to use the PRO Vacuum Sealer in this manner, knowing that such activity infringes the '928 patent. Therefore, in addition to Defendant's direct infringement, induced and contributory infringement have been alleged based on Defendant's actions with respect to its customers who are alleged to infringe the '928 patent.

Defendant's Position:

Defendant contends that its PRO Vacuum Sealer does not infringe the '928 Patent. As the clearest example, claim 11 of the '928 Patent (the only claim that Plaintiff's Complaint accuses Defendant of infringing) discloses a vacuum sealing appliance that contains an "elongated recess positioned within said vacuum sealing appliance," into which liquid from the bag or container to be evacuated is drawn, and in which a removable drip pan is positioned. There is nothing in the Oliso PRO Vacuum Sealer that conceivably corresponds to this "elongated recess," a fact that is readily apparent from a visual inspection of the unit.

Oliso also contends that that the asserted claim is invalid in light of various prior art references, including vacuum sealing appliances made by Tilia, Flaem, Rival, Applica, and others, and under 35 U.S.C. §112. The companies listed above all had prior art vacuum sealing appliances that had all of the elements of this claim, with the possible exception of a "removable" drip pan. There is ample evidence that the addition of this feature, which was present in numerous other household and kitchen products, would have been obvious, and may have been present in at least one Tilia FoodSaver model that was manufactured and sold in the United States prior to 1988.

However, it may not be economically practical for Oliso to present its invalidity arguments. As the Court is aware, proving patent invalidity is a very expensive endeavor. Oliso is a small startup company, and has sold only a small amount of the accused product, which

represents just one of Oliso's product lines. Moreover, it would be a trivial task, both technologically and economically, to redesign the portion of its device that holds that drip pan if the Court concludes that the patent covers the Oliso device. As a result, while it has plead invalidity defenses, Oliso may for financial reasons choose to limit its liability defenses to non-infringement, particularly if the Court provides Oliso an early opportunity to present that defense.

### III. LEGAL ISSUES

1. The construction of the claims of the '928 patent.
2. The nature, basis, and merits of the alleged willful infringement of the '928 patent by Defendant.
3. The nature, basis, and merits of the non-infringement and invalidity defenses asserted by Defendant pursuant to 35 U.S.C. §§ 102, 103, 112 and 271.
4. Plaintiff's claim for damages, costs, attorneys' fees, enhanced damages, and/or injunctive relief.
5. Defendant's request for costs and attorneys' fees under 35 U.S.C. § 285.

### IV. MOTIONS

At this time, neither party anticipates filing motions to add other parties, file amended pleadings, transfer venue, etc., but Plaintiff expressly reserves the right to do so.

Plaintiff anticipates filing motions for summary judgment of infringement and/or validity.

Defendant anticipates filing an early motion for summary judgment of non-infringement of the asserted claims of the '928 patent.

Plaintiff and Defendant also expect to file pre-trial motions, such as motions *in limine*, and may file discovery motions if the need arises.

### V. AMENDMENT OF PLEADINGS

At this time, neither party anticipates seeking to amend the pleadings, but expressly reserve the right to request amendment of the pleadings if the need arises, pursuant to Fed. R. Civ. P. 15. The parties propose Friday, March 21, 2014 as the deadline for amendment of pleadings without seeking leave of Court.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this case. Moreover, the parties have mutually agreed to preserve all relevant, discoverable materials that are currently in their possession, custody, or control.

## VII. DISCLOSURES

There has been full and timely compliance by both parties with the initial disclosure requirements of Fed. R. Civ. P. 26. The parties have disclosed the identities of the individuals they are aware of who may provide testimony in support of their claims and defenses; they have disclosed the categories of documents that they are aware of that may support their claims and defenses; Plaintiff has outlined the relief it will request, and noted that specifics of its damages claim must await receipt of financial information from Defendant; and the parties have disclosed that they are not aware of any applicable insurance agreements

## VIII. DISCOVERY

The parties have yet to commence discovery, but Plaintiff anticipates doing so shortly. Plaintiff intends to conduct written discovery and depositions of party witnesses as well as non-party witnesses, and will seek discovery of documents and facts relating to, without limitation, (1) infringement of the '928 patent; (2) Defendant's pre-filing knowledge of the '928 patent; (3) Defendant's development of the accused products; (4) claim construction; and (5) damages for Defendant's willful infringement of the '928 patent. Defendants are unlikely to conduct significant written discovery or depositions due to the economics of this case, but may seek limited discovery on (1) conception and reduction to practice of the '928 Patent; (2) prosecution of the '928 Patent; (3) prior art; (4) secondary considerations relating to obviousness; (5) claim construction; and/or (6) economic information underlying Plaintiff's damages claim.

At this time, the parties do not propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules.

The parties are still discussing ways to more efficiently and effectively handle the exchange of documents and electronically stored information ("ESI") produced in discovery, and expect to have an agreement regarding the treatment of such information in advance of the Case Management Conference.

## IX. CLASS ACTIONS

This lawsuit is not a class action.

## X. RELATED CASES

There are no related cases pending before another judge of this court, or before another court or administrative body.

## XI. RELIEF

Plaintiff seeks entry of judgment finding that Defendant has infringed the '928 patent, finding that the '928 patent is not invalid, awarding monetary damages and injunctive relief, and finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding reasonable attorney's fees and costs. Plaintiff seeks damages in the amount to be proven at trial, which may include lost profits but not less than a reasonable royalty, pre- and post-judgment interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable.

Defendant seeks costs of suit, as well as a finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of reasonable attorney's fees to Defendant.

## XII. SETTLEMENT AND ADR

The parties have conducted settlement discussions and settlement remains a possibility. The parties have complied with ADR Local Rule 3-5, and have agreed to participate in court-sponsored mediation. However, at the Case Management Conference, Defendant expects to request guidance on whether an early settlement conference with a Magistrate Judge may be appropriate. The parties believe that some limited exchange of information may be necessary to position the parties to negotiate a resolution, but are willing to exchange that information informally. Defendant also believes that the filing and/or resolution of its proposed early motion for summary judgment of non-infringement will help position the parties to negotiate a resolution.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties do not consent to assignment of United States Magistrate Judge.

### XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

Plaintiff's Position:

Plaintiff believes that it is too early in the litigation process to discuss the narrowing of the issues but expects that the exchange of discovery will enable Plaintiff to focus the scope of its claims, including in particular specifying Asserted Claims of the '928 patent and Accused Products, thereby narrowing the issues for trial.

Defendant's Position:

Defendant believes that an early motion for summary judgment of non-infringement based on the "elongated recess positioned within said vacuum sealing appliance" element is feasible, given the simplicity of the technology (particularly the limitation at issue) and the absence of any prosecution history limitations, and will result in a narrowing of issues. If Defendant prevails on such a motion, the case would be over. If Defendant does not prevail, it would most likely withdraw its invalidity defenses for economic reasons (unless it experiences a significant change in its financial situation between now and then), redesign its product in accordance with the summary judgment decision, and look to resolve any damages issue (which would be minimal due to Defendant's limited sales of the accused products) with Plaintiff. Defendant will ask the Court to defer its discovery and Patent Local Rule 3-3 obligations until after such a motion can be decided, and proposes filing its motion within one week of receipt of Plaintiff's Patent Local Rule 3-1 Disclosures.

The parties do not otherwise request to bifurcate issues, claims or defenses.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that the Expedited Trial Procedure of General Order No. 64 is appropriate for this matter.

## XVII. SCHEDULING

The parties' proposals for the timetable in the case are set forth in the attached Exhibit A.

## XVIII. TRIAL

Both parties have requested a jury trial and anticipate that trial will last approximately 5 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties filed their Certification of Interested Entities (Plaintiff: Dkt. No. 13; Defendant: Dkt. No. 17). In its certification, Plaintiff identified Jarden Corporation, a publicly-traded entity, as a potentially interested entity. In its certification, Defendant identified Ehsan Alipour, shareholder, as a potentially interested entity or person.

## XX. OTHER MATTERS

The parties are not aware at this time of any other issues that may facilitate the just, speedy and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | Dated: November 18, 2013 | Respectfully submitted, |
| 2 | | GREENBERG TRAURIG LLP |
| 3 | | By: /s/ Nicholas A. Brown |

        NICHOLAS A. BROWN (CA SBN 198210)
        brownn@gtlaw.com
        GREENBERG TRAURIG, LLP
        4 Embarcadero Center
        Suite 3000
        San Francisco, CA 94111
        Telephone: (415) 655-1300
        Facsimile: (415) 707-2010

        Kevin J. O'Shea (*pro hac vice* application to be filed)
        osheak@gtlaw.com
        GREENBERG TRAURIG, LLP
        77 West Wacker Drive
        Chicago, IL 60601
        Telephone: 312.456.8400
        Facsimile: 312.456.8435

        Attorneys for Plaintiff
        Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions

        By: /s/ Kenneth B. Wilson

        Kenneth B. Wilson (CA SBN 130009)
        ken@coastsidelegal.com
        COASTSIDE LEGAL
        455 1st Avenue
        Half Moon Bay, CA 94019
        Telephone: 650.440.4211
        Facsimile: 650.440.4851

        Attorneys for Defendant Oliso, Inc.

## EXHIBIT A – Proposed Schedule

| Who | Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|---|
| Parties | To serve initial disclosures pursuant to Fed. R. Civ. Proc. 26(a)(1) | *COMPLETED* | |
| Plaintiff | to serve Infringement Contentions (L.R. 3-1, 3-2) | *Fri., Dec. 6, 2013* | *Fri., Dec. 6, 2013* |
| Defendant | to serve Invalidity Contentions (L.R. 3-3, 3-4) | *Mon., Jan. 20, 2014* | *Mon., Mar. 3, 2014* |
| Parties | to Exchange proposed claim terms for construction (L.R. 4-1) | *Mon., Feb. 3, 2014* | *Mon. Mar. 17, 2014* |
| Parties | to Exchange Preliminary Claim Constructions(L.R. 4-2) | *Mon., Feb. 4, 2014* | *Mon., Apr. 7, 2013* |
| Parties | to Exchange Claim Construction expert reports, if any (L.R. 4-3) | *Fri., Mar. 20, 2014* | *Fri., May 2, 2014* |
| Parties | to file Joint Claim Construction and Prehearing Statement (L.R. 4-3) | *Thur., Mar. 20, 2014* | *Fri., May 2, 2014* |
| Parties | to file Amend Pleadings/Add Parties without leave of the Court | *Fri., Mar. 21, 2014* | *Fri., Mar. 21, 2014* |
| Parties | to complete Claim Construction Discovery (L.R. 4.3) | *Fri., Apr. 18, 2014* | *Mon., June 2, 2014* |
| Plaintiff | to file Opening Claim Construction Briefs (L.R. 4-5a) | *Fri., May 2, 2014* | *Mon. June 16, 2014* |
| Defendant | to file Responsive Claim Construction Briefs (L.R. 4-5b) | *Fri., May 16, 2014* | *Mon. June 30, 2014* |
| Plaintiff | to file Reply Claim Construction Briefs (L.R. 4-5c) | *Fri., May 23, 2014* | *Mon., July 7, 2014* |
| Parties | to conduct Technology Tutorial (if needed) | TBD | TBD |
| Court, Parties | to conduct and participate in Claim Construction Hearing | TBD | TBD |
| Parties | to complete Fact Discovery | TBD | TBD |
| Parties | to serve Expert Reports | TBD | TBD |
| Parties | to serve Expert Rebuttal Reports | TBD | TBD |
| Parties | to complete Expert Discovery | TBD | TBD |
| Parties | to file Dispositive Motions | TBD | TBD |
| Court | to conduct hearing on Dispositive Motions | TBD | TBD |
| Court, Parties | to conduct and participate in Final Pretrial Conference | TBD | TBD |
| Court, Parties | To conduct and participate in Jury Trial | TBD | TBD |