IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBEAM PRODUCTS, INC., d/b/a JARDEN CONSUMER SOLUTIONS,<br><br>    Plaintiff,<br><br>   v.<br><br>OLISO INC,<br><br>    Defendant.<br>                                  / | No. C 13-3577 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

      Defendant's motion for summary judgment is scheduled for a hearing on January 24, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion. Docket No. 32.

**DISCUSSION**

      Defendant moves for summary judgment of non-infringement. At issue is whether defendant's PRO Vacuum Sealer, Model VS97A infringes claim 11 of U.S. Patent No. 7,003,928 B2 entitled "Appliance for Vacuum Sealing Food Containers" ("the '928 patent"). Claim 11 of the '928 patent reads:

> 11. In a method for evacuating a flexible container, of the type wherein said flexible container holding an amount of liquid is placed within a vacuum sealing appliance; a vacuum source within said vacuum sealing appliance is activated to evacuate said container and draw a portion of said liquid into an elongated recess positioned within

said vacuum sealing appliance; and a heat sealing means mounted on said vacuum sealing appliance seals container, the improvement comprising:
    collecting said liquid in a removable drip pan positioned in said vacuum sealing appliance in said recess, said drip pan defining an open area for receiving said fluid; and
    removing said drip pan for cleaning after said heat sealing means seals said container.

'928 Patent at 16:48-63.

Plaintiff alleges that defendant's PRO Vacuum Sealer "is a vacuum sealer with a vacuum source, removable drip tray positioned in an elongated recess, and a heat sealing means mounted on the device." Compl. ¶ 8. Plaintiff alleges that "[u]sers of the Oliso PRO Vacuum Sealer, including Oliso, infringe at least claim 11 of the '928 patent when, pursuant to the instructions provided by Oliso, the user places within the vacuum sealer a storage bag holding an amount of liquid, activating the vacuum source within the Oliso PRO Vacuum Sealer to draw the liquid into the removable drip pan positioned in the elongated recess of the device, heat sealing the storage bag, and removing the drip pan for cleaning." *Id*. ¶ 10.

Defendant contends that the PRO Vacuum Sealer does not infringe claim 11 of the '928 patent because its sealer does not have an "elongated" "recess" positioned "within" the unit. Defendant argues that the Court should construe "elongated," "recess," and "within" in accordance with their ordinary meanings, and defendant proposes constructions based on dictionary definitions. Defendant then argues that under those constructions, the PRO Vacuum Sealer does not infringe because the area beneath its sealer into which the drip pan is placed is neither "elongated" nor a "recess," and that space is not entirely "within" the appliance.

Plaintiff contends that defendant's motion is premature because the parties have not taken any discovery and the parties have not undertaken the normal claim construction process. Plaintiff also argues that there is no need to construe "elongated," "recess," and "within," and that even under the constructions proposed by defendant, there are issues of fact regarding whether defendant's vacuum sealer has "an elongated recess positioned within said vacuum sealing appliance," both literally and under the doctrine of equivalents.

The Court agrees with plaintiff that summary judgment at this stage and on this record is inappropriate. The parties disagree about whether "elongated," "recess," and "within," should be construed, as well as whether defendant's proposed constructions are supported by the intrinsic

evidence. Plaintiff contends that defendant's proposed constructions insert additional limitations into claim 11 of the '928 patent, and that these limitations are not found within the patent or its prosecution history.  The Court cannot resolve these construction disputes based on the record before it, and thus the Court cannot conclude that defendant is entitled to summary judgment of non-infringement.  The Court finds that the proper course is for the parties to proceed with fact and expert discovery and claim construction, and if the parties wish to move for summary judgment after the record is developed, they may do so.

**IT IS SO ORDERED.**

Dated: January 16, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE