**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBEAM PRODUCTS INC., d/b/a JARDEN CONSUMER SOLUTIONS,<br><br>    Plaintiff,<br><br>   v.<br><br>OLISO, INC.,<br><br>    Defendant.<br>_____/ | No. C 13-03577 SI<br><br>**ORDER GRANTING MOTION TO DISQUALIFY OLISO'S COUNSEL** |

Now before the Court is plaintiff's motion to disqualify defendant's counsel. The motion is scheduled to be heard on March 7, 2014. Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons below, the Court hereby GRANTS plaintiff's motion.

**BACKGROUND**

This motion arises out of a declaratory judgment action brought by Sunbeam Products, Inc. ("Sunbeam") against Oliso, Inc. ("Oliso"), alleging that Oliso sells a product that infringes Sunbeam's Patent No. 7,003,928 B2 ("the '928 patent"). The '928 patent, titled "Appliance for Vacuum Sealing Food Containers," was issued on February 28, 2006. Compl. ¶ 6.

Sunbeam is a manufacturer of consumer appliances including, among others, the FoodSaver®, a vacuum sealing machine. Declaration of Victor Michels in Support of Sunbeam's Motion to Dis-

qualify Oliso's Counsel ("Michels Decl.") ¶¶ 4-5. Prior to June 30, 2006, FoodSaver® was manufactured and sold by Tilia International, Inc. ("Tilia"). *Id.* ¶ 4. From 1998 until at least 2004, Kenneth Wilson represented Tilia in myriad patent litigation matters involving Tilia's vacuum packaging technology patents. *See* Declaration of Kenneth B. Wilson in Opposition to Sunbeam's Motion to Disqualify Oliso's Counsel ("Wilson Decl.") ¶ 2. Mr. Wilson continued to represent Tilia regarding non-vacuum sealing patents until at least May, 2006, although it is disputed whether his representation after 2004 still pertained to the vacuum sealing patents. *Compare* Michels Decl. ¶ 8, *with* Wilson Decl. ¶ 6. It is undisputed that, for a number of years, Mr. Wilson was lead counsel for Tilia, he "played significant roles in [its] lawsuits; he executed and filed numerous substantive pleadings on behalf of Tilia . . .; [and] he was directly involved in Tilia's litigation strategy and settlement strategy, as well as licensing discussions . . . ." Defendant Oliso, Inc.'s Opposition to Sunbeam's Motion to Disqualify Oliso's Counsel at 2.

On June 30, 2006, Tilia and Sunbeam merged, and Tilia ceased to exist as a corporate entity. Michels Decl. ¶ 6. Also in June, 2006, Sunbeam acquired the '928 Patent from a third party. On August 1, 2013, Sunbeam brought the instant action against Oliso, alleging infringement of the '928 Patent. In January, 2014, Victor Michels, Sunbeam's in-house counsel, recognized Mr. Wilson "as possibly being the same attorney who had represented Tilia, and with whom [he] had had numerous attorney-client and work product privileged discussion in connection with Tilia's patent enforcement efforts." Michels Decl. ¶ 10. Sunbeam's counsel investigated the matter and determined that Mr. Wilson was indeed the same attorney who had represented Tilia for eight years. *Id.*

Sunbeam now moves to disqualify Oliso's counsel, alleging a violation of California Rule of Professional Conduct 3-310(E).

**LEGAL STANDARD**

**1.    Disqualification Generally**.

Whether to disqualify counsel is a matter firmly committed to the district court's discretion. *See Gas-A-Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1325 (9th Cir. 1976). Civil Local Rule 11 instructs that all attorneys before the Court must "comply with the standards of professional conduct

2

1 required of the members of the State Bar of California." N.D. Cal. Civil L.R. 11-4(a)(1). Therefore, the Court applies California law in this matter. *See Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914 (N.D. Cal. 2003).

"Motions to disqualify counsel are strongly disfavored." *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003). However, the Court's "paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." *State Farm Mut. Auto. Ins. Co. v. Federal Ins. Co.*, 72 Cal. App. 4th 1422, 1428 (Cal. Ct. App. 1999). When reviewing a motion to disqualify counsel, the Court must "make a reasoned judgment and comply with the legal principles and policies appropriate to the particular matter at issue." *Visa U.S.A.*, 241 F. Supp. 2d at 1104 (citation and internal quotation marks omitted).

**2.     Disqualification Due To Successive Representation.**

California Rule of Professional Conduct 3-310(E) governs attorneys' duties regarding successive representation. It states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Cal. Rules of Prof'l Conduct 3-310(E). This Rule operates to prevent an attorney from later representing a party in a manner adverse to a former client, where the attorney possesses confidential information by virtue of the prior representation. However, the party seeking disqualification need not prove that the attorney actually possesses such confidential information. "It is enough to show a 'substantial relationship' between the former and current representation." *HF Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1452 (1991) (citation omitted).

The substantial relationship test is intended to strike a balance between the parties' competing interests: "the freedom of the subsequent client to counsel of choice, on the one hand, and the interest of the former client in ensuring the permanent confidentiality of matters disclosed to the attorney in the course of the prior representation, on the other." *Jessen v. Hartford Cas. Ins. Co.*, 111 Cal. App. 4th 698 (2003). If the former client can demonstrate the requisite substantial relationship, "access to

3

1 confidential information by the attorney in the course of the first representation (relevant, by definition, 2 to the second representation) is *presumed* and disqualification of the attorney's representation of the 3 second client is mandatory." *Id.* (emphasis in original).

4 To assess whether the substantial relationship test is satisfied, "courts look at the practical 5 consequences of the attorney's representation of the former client and ask whether confidential 6 information material to the current dispute would normally have been imparted to the attorney by virtue 7 of the nature of the former representation." *Ahmanson*, 229 Cal. App. 3d at 1454. This decision is, in 8 turn, guided by two considerations: (1) "the relationship between the attorney and the former client with 9 respect to the legal problem involved in the former representation," and (2) whether the Court can reach 10 the "rational conclusion that information material to the evaluation, prosecution, settlement or 11 accomplishment of the former representation given its factual and legal issues is also material to the 12 evaluation, prosecution, settlement or accomplishment of the current representation given its factual and 13 legal issues." *Jessen*, 111 Cal. App. 4th at 709-13. These guidelines are not a "bright line" standard; 14 instead, "the relevant legal principles are only generally stated and must be applied to individual cases 15 by the exercise of the court's considered judgment based in reason, logic and common sense." *Id.* at 16 713.

## DISCUSSION

19 Sunbeam moves to disqualify Oliso's counsel pursuant to California Rule of Professional 20 Conduct 3-310(E). Oliso makes two arguments in opposition: (1) Sunbeam is not a "former client" of 21 Mr. Wilson's under the relevant Rule; and (2) Mr. Wilson's current representation of Oliso is not 22 substantially related to his prior representation of Tilia. For the following reasons, the Court disagrees 23 with Oliso's contentions.

**1.    Sunbeam's Status as a Former Client.**

26 Oliso argues that, because Mr. Wilson's former client was Tilia, not Sunbeam, Sunbeam cannot 27 now rely upon Rule 3-310(E) to disqualify him.

Under California law, an attorney representing a corporate entity owes a duty of loyalty and a duty of confidentiality to the corporation. *Venture Law Grp. v. Superior Court*, 118 Cal. App. 4th 96, 102 (Cal. Ct. App. 2004). When that corporate entity merges into another entity, "the attorney-client privilege of the corporation no longer in existence belongs to the successor corporation." *Id.* at 103. "Fiduciary obligations and professional responsibilities may warrant disqualification of counsel in appropriate cases even in the absence of a strict contractual attorney-client relationship." *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980).

Although this matter is complicated by Tilia's complete merger into Sunbeam, *Baxter Diagnostics, Inc. v. AVL Scientific Corp.*, 798 F. Supp. 612 (C.D. Cal. 1992), is instructive. In *Baxter*, client AHS retained counsel Lyon & Lyon regarding a patent case. *Id.* at 614-15. AHS later merged with the corporation Baxter. *Id.* at 615. Lyon & Lyon then sought to represent a new client in a patent infringement action against Baxter. *Id.* Although Lyon & Lyon had never directly represented Baxter, the court disqualified Lyon & Lyon, noting that a contrary holding would exalt form over substance. *Id.* at 616.

The Court finds that, for purposes of Rule 3-310(E), Sunbeam is Mr. Wilson's former client. By virtue of Tilia's merger with Sunbeam, Sunbeam is now the holder of the attorney-client privilege relating to Mr. Wilson's representation of Tilia. *See Venture Law Grp.*, 118 Cal. App. 4th at 103. "Protecting the confidentiality of communications between attorney and client is fundamental to our legal system." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146 (1999). Indeed, Rule 3-310 is designed to protect the attorney-client relationship. *Id.* Mr. Wilson's extensive and long-term representation of Tilia unquestionably created an attorney-client relationship between them. Tilia's subsequent merger with Sunbeam did not extinguish that relationship. Oliso's argument to the contrary "exalts substance over form," and is contrary to purposes of the attorney-client relationship. *See Baxter*, 798 F. Supp. at 616.

Accordingly, the Court concludes that, due to its merger with Tilia, Sunbeam is effectively Mr. Wilson's former client for purposes of Rule 3-310(E).

//

### 2. The Two Representations are Substantially Related.

In considering whether a substantial relationship exists between the former and the current representation, the Court is guided by two factors: (1) the attorney's degree of involvement in the former representation; and (2) the relationship between the subjects of the two representation. *Jessen*, 111 Cal. App. 4th at 709-12. Because the parties agree that Mr. Wilson was heavily involved in the former representation of Tilia, *see* Wilson Decl. ¶ 2, the Court will only address the second factor.

"Substantiality is present if the factual contexts of the two representations are similar or related." *Trone*, 621 F.2d at 998. The former client need not prove that the attorney is actually in receipt of confidential information; instead, "courts ask whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation." *Ahmanson*, 229 Cal. App. 3d at 1454. In the patent context, courts within the Ninth Circuit do not require the patents at issue in the successive representations to be identical, or even essentially the same. *See Openwave Sys., Inc. v. 724 Solutions (US) Inc.*, No. C 09-3511 RS, 2010 WL 1687825, at *2 (N.D. Cal. Apr. 22, 2010).

The Court finds that Mr. Wilson's current representation of Oliso is substantially related to his former representation of Tilia. Mr. Wilson represented Tilia with respect to its vacuum sealing technology patents for at least six years. *See* Wilson Decl. ¶ 2. He now seeks to defend Oliso against Sunbeam's allegation that Oliso is infringing the '928 patent, also related to vacuum sealing technology. The patents with which Mr. Wilson was involved during his representation of Tilia were both cited as prior art during the prosecution of the '928 patent. Declaration of Kevin J. O'Shea in Support of Sunbeam's Motion to Disqualify Oliso's Counsel, Exs. 4, 6, 7. In Oliso's Motion for Summary Judgment in this matter, Mr. Wilson himself referenced one of the patents he was formerly responsible for defending as Tilia's attorney. *See* Dkt. No. 32. Given the similarity in the subject matter of the former and current representations, the Court concludes that "confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation." *See Ahmanson*, 229 Cal. App. 3d at 1454.

Oliso argues that any confidential information Mr. Wilson may have received during his representation of Tilia cannot impact the current litigation, given that most of the personnel with whom

6

he interacted are no longer with the company. This is not a relevant consideration under the substantial relationship test. Indeed, such a standard would subvert Rule 3-310(E) by permitting attorneys to simply wait until all individuals at the former client with whom the attorney personally interacted had left the company before turning around and suing their former clients. Given the Court's conclusion that the subject matter of the successive representations is substantially related, "access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory." *Jessen*, 111 Cal. App. 4th at 706 (emphasis in original).

The Court finds that the two representations are substantially related and therefore a disqualifying conflict exists. Due to Mr. Wilson's extensive prior representation of Tilia, and the substantial overlap in the subject matter of the two representations, the Court must presume that Tilia's confidential information would be disclosed during the course of Mr. Wilson's representation of Oliso. Accordingly, the Court finds that Mr. Wilson and his firm, Coastside Legal, must be disqualified from this case.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS Sunbeam's motion and DISQUALIFIES Mr. Wilson and his law firm from representing Oliso in this litigation concerning the '928 patent. This Order resolves Docket No. 43.

**IT IS SO ORDERED.**

Dated: March 4, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE